UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-cv-60608

DEVIN SHANNON,

    Plaintiff,

v.

CAVALRY SPV I, LLC,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant and sued in this District.

**PARTIES**

3. Plaintiff, Devin Shannon ("Shannon"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is 500 Summit Lake Dr., Suite 400, Valhalla, NY 10595.

5. Cavalry is registered with the Florida Office of Financial Regulation as a consumer collection agency.

6. Cavalry regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Cavalry is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt for a Citibank Preferred credit card ("the debt").

9. The debt was incurred for personal, household, or family purpose.

10. Cavalry filed a state court action against Shannon for the debt on November 16, 2020.

11. On November 25, 2020, Shannon's state court counsel, Joel D. Lucoff, entered his appearance in the state court action. A copy of the Notice of Appearance filed with the state court is attached as Exhibit "A."

12. On the same day, Shannon, through his legal counsel, moved for an extension of time to respond to the state court action. A copy of the Motion for Extension of Time is attached as Exhibit "B."

13. On or about March 11, 2021, Cavalry moved for a default against Shannon in the state court action and sent the Motion for Default, Affidavit of Costs, Non-Military Affidavit, and proposed final judgment directly to Shannon. A copy of the Motion for Default and attachments is attached as Exhibit "C."

14. Cavalry was aware that Joel D. Lucoff represented and continued to represent the Shannon.

15. Cavalry was aware that by sending communications directly to Shannon, it violated the FDCPA.

16. Shannon did not consent to direct communication with Cavalry.

17. Plaintiff did not initiate any communication with Defendant.

18. Cavalry stated in its Motion for Default that Shannon had "fail[ed] to serve or file any paper as required by law". *See* Exhibit "C."

19. That statement was blatantly false as Shannon had filed AND served a request for an extension of time to respond to the state court action. A copy of the Florida e-filing portal email showing service on Cavalry's state court counsel is attached as Exhibit "D."

20. Cavalry acted in malice to harass and pressure Plaintiff in an effort to financially benefit itself.

21. Plaintiff suffered damages as a result of Cavalry's improper actions and seeks statutory, compensatory and punitive damages.

**COUNT I**
**COMMUNICATION WITH A CONSUMER REPRESENTED**
**BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)**

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Cavalry communicated directly with Shannon when Cavalry knew Shannon was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

a. Actual and statutory damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT II – ATTEMPTING TO COLLECT AN IMPROPER**
**DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)**

24. Plaintiff incorporates Paragraphs 1 through 21.

25. Defendant improperly sought a default and default final judgment when Plaintiff was not in default in violation of 15 U.S.C. §1692e(2)(a).

26. Cavalry's conduct was egregious.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III
### FALSE AND MISLEADING STATEMENT
### IN VIOLATION OF 15 U.S.C §1692e(5)

36. Plaintiff incorporates Paragraphs 1 through 21.

37. Defendant improperly sought a default and default final judgment when Plaintiff was not in default in violation of 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE STATEMENT TO A TRIBUNAL

38. Plaintiff incorporates Paragraphs 1 through 21.

39. Defendant falsely stated in its Motion for Default that Plaintiff was in default for failure to serve or file any paper when he was not in default and had served and filed two court documents.

40. Defendants made these representations in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> Attorney for Plaintiff
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:    844-279-1112
> service@debtshieldlaw.com
> joel@debtshieldlaw.com
>
>   /s/ Joel D. Lucoff
> Joel D. Lucoff
> Fla. Bar No. 192163